UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SLUSHER,

       Plaintiff,

v.                                                 Case No. 06-10746
                                                 Honorable Patrick J. Duggan

C. CARSON, T. TERRY, and
SHIAWASSEE COUNTY,

       Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 23, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

       This action arises from an incident on Plaintiff Linda Slusher's property on May 13, 2004, when Shiawassee County Sheriff Department Deputies Cory Carson and Thomas Terry were dispatched to act as peace officers while a neighbor, Dr. Leroy Waite, retrieved tractors from the property pursuant to a court order. Presently before the Court is Ms. Slusher's Motion to Amend/Clarify Complaint, filed on March 14, 2007. The motion has been fully briefed and the Court held a motion hearing on May 17, 2007. For the reasons set forth below, the Court denies Ms. Slusher's motion.

       In the pending motion, Ms. Slusher seeks to amend or clarify her complaint in order to allege a separate Fourth Amendment violation against the deputies for illegally

entering buildings on her property. In this Court's view, Ms. Slusher does not set forth a Fourth Amendment claim against the individual deputies based on such conduct in her initial complaint. Accordingly the Court will construe her motion as a motion to amend the complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

## Applicable Standard

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). A motion to amend a complaint should be denied, however, if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citing *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hagerman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973))). In this case, Defendants argue that Ms. Slusher's motion to amend the complaint should be denied because her proposed amendment would be futile.

## Factual Background and Analysis

As set forth in more detail in this Court's opinion and order addressing Defendants' motion for summary, on May 13, 2004, Deputies Carson and Terry were present on property owned by Ms. Slusher and her husband in order to assist a neighbor,

2

Dr. Waite, in the retrieval of two tractors that belonged to him. An order issued by the Shiawassee County Circuit Court permitted Dr. Waite "to inspect the exterior of the Slushers' property, excluding the interior of the home, where the tractor's [sic] are currently located with the assistance of the police" and to take immediate possession of the tractors. (Defs.' Resp., Ex. 3.) There is no dispute in this case that Deputy Carson and Deputy Terry entered two barns on the Slushers' property during their visit to the property on May 13. There also is no dispute that each barn contained one of Dr. Waite's tractors.

To state a valid claim against the deputies based on this conduct pursuant to 42 U.S.C. § 1983, Ms. Slusher must demonstrate that, as state actors, the deputies violated her Fourth Amendment rights when they entered the barns. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)(citing *McKnight v. Rees*, 88 F.3d 417, 419 (6th Cir. 1996)). But even if both elements are satisfied, the deputies may be entitled to qualified immunity if they were performing discretionary functions and their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1972). A right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 2156 (2001). Because qualified immunity renders an official immune from suit, not only from damages, the Supreme Court has encouraged courts to determine whether qualified immunity is applicable early in litigation. *See Skousen v.*

*Brighton High School*, 305 F.3d 520, 526-27 (6th Cir. 2002)(citations omitted).

When police officers are present during a private citizen's repossession of property, the general rule is that the "officers are not state actors . . . if they act only to keep the peace, but they cross the line if they affirmatively intervene to aid the repossessor." *Marcus v. McCollum*, 394 F.3d 813, 818 (10th Cir. 2004); *see also United States v. Coleman*, 628 F.2d 961 (6th Cir. 1980)(providing that mere acquiescence by police to stand by in case of trouble was insufficient to convert a repossession of property into state action). Whether an officer's conduct "cross[es] the line" depends upon the facts of each case. *Marcus*, 394 F.3d at 819. As the court explained in *Marcus*: "This area of the law is particularly fact-sensitive, so the circumstances must be 'examined in their totality.'" *Id*. (quoting *Howerton v. Gabica*, 708 F.2d 380, 384 (9th Cir. 1983)).

This court agrees with the District Court for the Northern District of New York that "[t]he extent to which police officers can act to prevent a breach of the peace" while a private party repossesses property "is less than clear." *Malatesta v. New York State Div. of State Police*, 120 F. Supp. 2d 235, 240 (N.D.N.Y 2000)(citing *Griffin v. Stanek*, No. 95-CV-202, 1997 WL 394660, at *3-5 (N.D.N.Y. July 10, 1997)). Although there are a number of decisions in which courts have decided whether an officer's actions caused the officer to cross the line from simply keeping the peace to affirmatively aiding the repossessor, none of those cases directly address the circumstances in the present matter.[1]

---

[1]Moreover, many of these cases were decided by courts outside the Sixth Circuit. To determine whether a law is clearly established, this Court must look principally to the law of the

4

Furthermore, none of those decisions provide clear guidelines for courts or officers to decide what conduct crosses the line. As a result, the Court finds that existing case law does not clearly establish that Deputy Carson's or Deputy Terry's conduct "cross[ed] the line" so as to render their entry into the Slushers' barns during Dr. Waite's repossession state action. In other words, existing case law would not have provided the deputies with knowledge that their conduct during Dr. Waite's repossession was unlawful. *See Saucier*, 533 U.S. at 202, 121 S. Ct. at 2156. Therefore, even if the Court were to conclude that the deputies were state actors and that they violated Ms. Slusher's Fourth Amendment rights, the Court would find that the deputies are entitled to qualified immunity.

Based on the above, the Court agrees with Defendants that Ms. Slusher's proposed Fourth Amendment claim would be futile.

The Court also believes that it would be unduly prejudicial to Defendants to allow Ms. Slusher to amend her complaint at this late stage in the proceedings. The pending motion was filed on March 18, 2007, more than one month after discovery closed, after the dispositive motion deadline, and approximately a month and a half before the final pretrial conference. (12/18/06 Stipulated Order Adjourning Scheduling Order.) On March 29, 2007, the parties were notified that this case was number seven (7) on this

---

Sixth Circuit and the Supreme Court. *Perez v. Oakland County*, 466 F.3d 416, 427 (6th Cir. 2006). While the Sixth Circuit has advised that "'the decisions of other courts can also clearly establish the law,'" the court further stated that those decisions "'must point unmistakably to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional.'" *Id*. (quoting *Summar v. Bennett*, 157 F.3d 1054, 1058 (6th Cir. 1998)).

Court's May/June Trial Docket.  At the present time, it is number two and, if a trial is to take place, it will begin before the end of May.  While, "[o]rdinarily, delay alone, does not justify denial of leave to amend . . .[a]t some point . . . delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)(internal citations and quotation marks omitted).

Accordingly,

**IT IS ORDERED**, that Ms. Slusher's motion to amend her complaint is **DENIED**.


                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Christopher J. Trainor, Esq.
Patrick A. Aseltyne, Esq.
Jason D. Kolkema, Esq.